IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICHARD JAMES JOHNSON,       §
    ID # 065808,       §
        Petitioner,       §
      §
v.       §       No. 3:25-CV-3511-S-BW
      §
TDCJ PAROLE BOARD,       §
        Respondent.       §       Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody, received on December 23, 2025. (Dkt. No. 2.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for failure to exhaust state remedies.

## I.  BACKGROUND

Richard James Johnson, currently in custody on pending state charges at the Navarro County Jail in Corsicana, Texas, brings this habeas action under 28 U.S.C. § 2254 challenging an April 2025 parole revocation on a 2000 conviction out of the 159th Judicial District Court of Angelina County, Texas. (*See id.* at 2, 5.) The petition names "TDCJ Parole Board" as the respondent. (*Id.* at 1.)

Johnson alleges the following grounds for relief in his petition:

(1)  Due process violation parole revocation hearing;

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

(2)  Violation of equal rights/arb[]itrary and capricious; and

(3)  Parole initiated revocation proceedings on a charge that is not a crime.

(*Id.* at 6-7 (capitalization altered).)  He asks the Court to "dismiss revocation proceeding and lift parole hold."  (*Id.* at 7 (capitalization altered).)

## II.  EXHAUSTION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  Exhaustion for purposes of § 2254 requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA"). *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A federal district court may raise the lack of exhaustion sua sponte.  *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).  It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief.  *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Johnson specifically indicates that his parole was revoked on April 14, 2025 and that he has not filed any petitions, applications, or motions challenging his

parole revocation.  (*See* Dkt. No. 2 at 5.)  As such, Johnson has not fairly presented his claims challenging his alleged April 2025 parole revocation to the TCCA in a procedurally correct manner, and the highest court of the state has not had an opportunity to review them.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Johnson is therefore not entitled to habeas relief on his claims challenging his April 2025 parole revocation based on his failure to exhaust state remedies.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus by a Person in State Custody, received on December 23, 2025 (Dkt. No. 2), without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED** on February 27, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).